Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
(949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Michael Eugene Wise,

                Plaintiff,

      v.

Speedway Sonoma, LLC,

                Defendant.

Case No.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**Jury Trial Demanded**

Michael Eugene Wise ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Speedway Sonoma, LLC ("Defendant") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability, denying Plaintiff equal access to the services provided at the Sonoma Raceway in Sonoma, California.

## PARTIES

1.      Plaintiff is a natural person and an adult resident of Sacramento, California. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

2.      Defendant is a Delaware limited liability company with its principal place of business in North Carolina.

3.      At all times relevant to this complaint, Defendant owned and/or operated the Sonoma Raceway located in Sonoma, California with the commonly known address 29355 Arnold Dr. ("Raceway").

**JURISDICTION AND VENUE**

4.      The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq.

5.      Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

6.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Raceway is in this district and Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS**

7.      Plaintiff suffers from a disability, and/or medical conditions that is a disability. Plaintiff has significant mobility issues. Plaintiff's symptoms limit, some substantially, Plaintiff's major life activities, limiting his ability to walk long distances or stand for even short periods of time. Plaintiff utilizes a valid disabled parking placard issued by the California Department of Motor Vehicles.

8.      Plaintiff is a top fuel dragster enthusiast.

9.      Each year Plaintiff enjoys visiting the Raceway to watch the excitement that only top fuel dragsters can deliver. In fact, Plaintiff has been going to this particular event at the Sonoma Raceway for the last 12 years.

10.      On July 22, 2022, Plaintiff visited the Raceway with his son and his son's friend to watch the NHRA top fuel dragsters.

11.      From nearly the beginning, Plaintiff's experience at the Raceway was not a positive one.

12.      Raceway officials gave Plaintiff the runaround nearly the entire afternoon and evening regarding accessible seating options for disabled individuals. However, when the sun set, Defendant began actively discriminating against Plaintiff because of his disability. Because of Defendant's actions, what started as annoying inconveniences, turned into a nightmare.

13.      Plaintiff specifically requested ADA accommodations at "the rail", which is an area at the Raceway for disabled individuals to sit and enjoy the races.

14.     Raceway officials provided Plaintiff with tickets for the rail seating area.

15.     Previously, Plaintiff had requested, and later received, a wristband indicating his status as a disabled person. As Plaintiff understood it, the Raceway would honor Plaintiff's purchased ticket and exchange it for a ticket entitling him to access to the accessible seating area of the Raceway. And they initially did that by providing seating at the rail.

16.     Upon reaching the accessible seating portion of the raceway, Plaintiff, his son, and his son's friend began enjoying the races.

17.     However, a Raceway official quickly interrupted the fun.

18.     A Raceway official approached Plaintiff and told him that he would have to surrender his accessible seating. When asked why, the raceway official went on to say that she did not believe Plaintiff was actually disabled, and that's the reason why she was commandeering his accessible seating.

19.      Plaintiff offered to show the official his designated wristband and tickets, but the official would not relent.

20.     She said that she needed the chair on which Plaintiff was seated, and she did not care about Plaintiff's disability, nor what Plaintiff had to say about the issue. She was there to take Plaintiff's chair and remove him from the accessible seating area.

21.     This discriminatory interaction took quite some time. All the while, Plaintiff was missing the top fuel dragsters complete their runs down the track. Instead, he was having to assert his rights to an intransigent raceway official and missing the races.

22.     During the exchange with the Raceway official, Plaintiff's son's friend began having a seizure.

23.     The friend largely attributes his seizure to the overwhelming stress associated with the heated dispute that the Raceway official instigated with Plaintiff.

24.     By the time Plaintiff was done attending to the friend's medical needs, Plaintiff was only able to catch one more run of the top fuel dragsters before the race event was over. It was time to go home, and Plaintiff considers his once-per-year raceway excursion ruined.

25.     Defendant denied Plaintiff full and equal access to the Raceway and the entertainment

LAW OFFICE OF
RICK MORIN

that Plaintiff sought when he attended the races.

26.     Plaintiff is hesitant and apprehensive to return to the Raceway because of the possibility that he will be unable to actually access the event and enjoy his time at the Raceway because of Defendant's policies, but he would ultimately like to return next year to again watch the top fuel dragsters run at Sonoma Raceway.

### FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

27.     Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

28.     Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

29.     The Raceway is a public accommodation.

30.     The Raceway is a place of entertainment and/or recreation.

31.     The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

32.     Defendant has a policy that restricts and denies access to patrons who require the use of disabled viewing area to accommodate their disability. Specifically, Defendant authorizes its officials to question the disability status of its patrons and make judgement calls about who is "disabled enough" to utilize designated accessible seating.

33.     Defendant's conduct knowingly and willfully excluded Plaintiff from equal access to its public accommodation and thereby denied Plaintiff his right to use and enjoy the services of the Raceway that are offered to the general public.

34.     As a result of Defendant's conduct denying Plaintiff equal access to the Raceway, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should he attempt to return to the Raceway.

35.     It is readily achievable for Defendant and Defendant's agents to grant Plaintiff equal

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

LAW OFFICE OF
RICK MORIN

access.

36.     Defendant does not have any legitimate business justification to excuse its denial of Plaintiff's equal access.

37.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize the Raceway, in light of Defendant's conduct.

38.     Defendant's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

## SECOND CAUSE OF ACTION

Denial of Full and Equal Access to Public Facilities in a Public Accommodation

Civ. Code §§ 54 *et seq.*

39.     Plaintiff incorporates all prior paragraphs as if fully stated herein.

40.     The Raceway is a public accommodation, as defined by the California Disabled Persons Act, that Defendant owns and/or operates.

41.     Defendant denied and interfered with Plaintiff's ability to access the Raceway and the services the Raceway provides.

42.     Plaintiff prays for injunctive relief that prohibits the acts complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis

that he is a person with disabilities.

43.     Plaintiff wishes to return to patronize the Raceway but is substantially deterred from regularly returning to use these facilities and services, because the lack of access and the significant policy barriers will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendant continues, to achieve equal access to and use of these public facilities.

44.     The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

45.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing conduct by Defendant that denies full and equal access to Plaintiff in the ways complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons.

46.     As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning and operating the Raceway, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 an 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated. Defendant's actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled and unable, because of the policy barriers created and/or maintained by the Defendant in violation of the subject laws, to use the public facilities and services on a full and equal basis as other persons.

47.     Plaintiff has been damaged by Defendant's wrongful conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3. At all times herein mentioned, Defendant was fully aware that significant numbers of potential users of the public facilities were, are, and will be physically disabled persons, and would have need of facilities that complied with California Title 24

and ADAAG standards for accessible facilities. Despite this knowledge, Defendant installed and maintained the policies complained of, have failed to remove these unlawful policies, and have failed to provide and maintain properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law.

48.     Plaintiff believes Defendant has ignored complaints about the lack of proper disabled access by other disabled persons. Defendant has continued its illegal and discriminatory practices despite actual knowledge that persons with disabilities may attempt to patronize the Raceway and encounter illegal policy barriers which deny them full and equal access when they do so.

49.     At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that its practices at the Raceway violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other disabled persons, but Defendant has failed to rectify the violations, and presently continue a course of conduct of maintaining policy barriers that discriminate against Plaintiff and similarly situated disabled persons. For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

50.     Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA, Defendant's behavior was intentional.

51.     Further, a violation of the Americans with Disabilities Act of 1990 (ADA) is a violation of the applicable sections of the California Disabled Persons Act, so Defendant has violated this act by its violation of the ADA.

52.     Plaintiff believes Defendant was aware and/or were made aware of its duties to refrain from establishing discriminatory policies against physically disabled persons, prior to the filing of this complaint. Defendant's establishment of its discriminatory policy denying services and goods to disabled persons and its implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for his rights and safety.

53.     As a result of Defendant's conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff

therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

54. Plaintiff suffered damages as described as a result of Defendant's violations. Damages are ongoing. Plaintiff remains hesitant and apprehensive about returning to the Raceway despite his love for top fuel dragsters.

### THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

55. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

56. As described above, Defendant discriminated against Plaintiff, denying him full and equal access to the Raceway.

57. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

58. Defendant's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever.

59. Plaintiff's disability was a substantial motivating reason for Defendant's discrimination.

60. Plaintiff was harmed.

61. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

62. Further, a violation of the Americans with Disabilities Act of 1990 (ADA) is a violation of the Unruh Civil Rights Act, so Defendant has violated this act by its violation of the ADA.

63. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including

a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

64.     Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

65.     Although the plaintiff encountered frustration and difficulty by facing discrimination, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this physical personal injury greater than the amount of the statutory damages.

## **PRAYER**

Plaintiff hereby prays for the following:

1.     Injunctive relief compelling Defendant to cease its discrimination of disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2.     Damages under the Unruh Civil Rights Act, including actual damages and a statutory minimum of $4,000 for each offense;

3.     Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54 and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4.     Other relief that the court deems appropriate.

Dated: September 19, 2022                          Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff